# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| GAIL DORNS,<br><br>    Plaintiff,<br><br>v.<br><br>THE GUARDIAN PROTECTIVE SERVICE, LLC; BENJAMIN MANER; and KATHERINE MANER,<br><br>    Defendants. | CIVIL ACTION NO. |

## COMPLAINT

Plaintiff Gail Dorns brings this action for damages and other relief against Defendants The Guardian Protective Services, LLC, Benjamin Maner, and Katherine Maner and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, ("FLSA") and breach of contract under Georgia law.

## PARTIES

2. Plaintiff is a citizen of Georgia and resides in Athens, Georgia.

1

3. Defendant The Guardian Protective Services ("GPS") is a Georgia company.

4. GPS's principle office is located at 2837 Church Street, East Point, Georgia 30344.

5. GPS may be served with process by delivering copies of the Summons and this Complaint to GPS's registered agent, Benjamin Maner, located at 2839 Church Street, Each Point, Georgia 30344.

6. Defendant Benjamin Maner is a natural person and a resident of Georgia, and may be served wherever he may be found.

7. Defendant Katherine Maner is a natural person and a resident of Georgia, and may be served wherever she may be found.

**JURISDICTION & VENUE**

8. The Court has original jurisdiction over Plaintiff's claims for violation of the FLSA pursuant to 28 U.S.C. § 1331, because these claims raise questions of federal law.

9. The Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

10. Plaintiff's state law claim arises out of a common nucleus of operative fact as her federal claim for unpaid overtime wages under the FLSA because both claims arise out of Defendants' wage and hour policies and practices.

11. Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B), NDGa., venue is proper because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Atlanta Division of the Northern District of Georgia.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM FOR UNPAID OVERTIME

12. GPS is a security company doing business in Georgia.

13. While working for Defendants at GPS, Plaintiff was engaged in interstate commerce and/or in the production of goods for commerce.

14. Plaintiff was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

15. GPS was Plaintiff's "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

16. Defendant Benjamin Maner was Plaintiff's "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

17. Benjamin Maner is the CEO of GPS.

18. Benjamin Maner controls GPS's daily operations.

19. Benjamin Maner determines the rate of compensation for GPS employees, such as Plaintiff.

20. Benjamin Maner has the authority to terminate GPS employees.

21. Benjamin Maner has the authority to determine the schedules of GPS employees.

22. Defendant Katherine Maner was Plaintiff's "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

23. Katherine Maner is the the Human Resources Manager at GPS.

24. Katherine Maner is responsible for maintaining and enforcing GPS's policies and procedures.

25. Katherine Maner determines the rate of compensation for GPS employees.

26. Katherine Maner has the authority to terminate GPS employees.

27. Katherine Maner has the authority to determine the schedules of GPS employees.

28. In the three years prior to the filing of this Complaint, Defendants have been and continue to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

29. In the three years prior to the filing of this Complaint, Defendants have been and continue to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

30. In the three years prior to the filing of this complaint, Defendants have employed one or more individuals who handled materials that traveled in interstate commerce.

31. For example, GPS personnel use computers and firearms that have traveled in interstate commerce.

32. In each of the three years prior to the filing of this Complaint, Defendants have had an annual gross volume of sales made or business done of not less than $500,000.

33. Defendants paid Plaintiff an hourly rate of $11.00 per hour.

34. Plaintiff worked for Defendants from April 18, 2016 through June 4, 2016.

35. Plaintiff worked for Defendants as a security officer.

36. Plaintiff was stationed at 960 College Station Road, Athens, Georgia 30605.

37. On a biweekly basis, Plaintiff was typically assigned to work Monday through Friday from 6:00 AM until 6:00 PM for one week and then given a variable schedule of at least 40 hours for the following week.

38. Plaintiff worked more than 40 hours per week during certain workweeks.

39. Plaintiff typically arrived at work early, before the start of her shifts, to perform work for Defendants.

40. Plaintiff typically worked past her scheduled shift to perform work for Defendants.

41. Plaintiff was required to perform certain duties off-the-clock, such as reviewing the security logs of the outgoing shift prior to clocking in for her shift.

42. Defendants knew Plaintiff's schedule required her to work more than 40 hours per week.

43. Maxine Thornton, one of Plaintiff's supervisors, observed Plaintiff working in excess of 40 hours per week in certain workweeks.

44. Defendants knew or should have known that Plaintiff worked more than 40 hours during certain workweeks.

45. However, Defendants failed to pay Plaintiff properly for all hours worked, including those over 40 per week.

46. Defendants deliberately refused to compensate Plaintiff for all hours worked by removing certain hours, including overtime hours, from Plaintiff's time records.

47. Defendants did not compensate Plaintiff for the hours that were removed from Plaintiff's time records.

48. Defendants failed to keep accurate time records of all hours worked by Plaintiff.

**FACTUAL ALLEGATION IN SUPPORT OF
PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT**

49. GPS hired Plaintiff to perform work as a security officer.

50. GPS agreed to pay Plaintiff at a regular hourly rate of $11.00.

51. GPS failed to pay Plaintiff for all of the hours she worked at the agreed rate.

52. For example, GPS paid Plaintiff only $7.25 per hour for all hours she worked that were covered by her final paycheck

53. GPS did not pay Plaintiff the contractual rate of $11 per hour for the hours she worked which were covered by her final paycheck.

**COUNT I: FAILURE TO PAY OVERTIME WAGES**

54. Defendants suffered or permitted Plaintiff to work more than 40 hours per week during certain workweeks.

55. Defendants failed to compensate Plaintiff for hours worked in excess of 40 per week at a rate of not less than one and one-half times her regular rate.

56. Defendants chose not to compensate Plaintiff at the required overtime premium rate despite Defendants' knowledge that failure to pay an overtime premium rate was unlawful.

57. Defendants' decision with respect to Plaintiff's compensation shows a reckless disregard for Plaintiff's rights under the FLSA.

58. By failing to compensate Plaintiff at not less than one and one half times her regular rate of pay for all hours worked over 40 in certain workweeks, Defendants willfully violated the FLSA.

## COUNT 2: BREACH OF CONTRACT

59. GPS's agreement with Plaintiff to pay Plaintiff at a specified hourly rate constitutes a binding contract.

60. GPS failed to pay Plaintiff the agreed-upon hourly rate for all hours worked.

61. Each time GPS failed to pay the agreed-upon wage for all hours worked, GPS breached its agreement with Plaintiff.

## DEMAND FOR JUDGMENT

Plaintiff respectfully requests:

(a) Declaratory judgment entered against Defendants that they violated the FLSA and that their violations were willful;

(b) Declaratory judgment entered against Defendant GPS that it breached its contractual agreement with Plaintiff;

(c) Judgment entered in Plaintiff's favor for monetary relief, including:

   i) All unpaid overtime wages pursuant to the FLSA,

   ii) Liquidated damages pursuant to the FLSA,

   iii) Contract damages, including wages for overtime and non-overtime hours that GPS failed to pay at the agreed-upon rate,

   iv) Attorneys' fees and the costs and expenses of this litigation, and

   v) Prejudgment interest; and

(d) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial.


Dated: February 16, 2017

                                                /s/ William S. Cleveland

MAYS & KERR, LLC
235 Peachtree St.
North Tower | Suite 202
Atlanta, GA 30303
T: (404) 410 – 7998
F: (404) 855 – 0820
william@maysandkerr.com
john@maysandkerr.com

William S. Cleveland
Georgia Bar No. 721593
John L. Mays
Georgia Bar No. 986574

Counsel for Plaintiff